UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

-vs-                                                                                          Case No. 8:10-cr-65-T-24 AEP

PATRICIA MARIE FOWLER

_____/

## ORDER

This cause comes before the Court on Defendant Fowler's Motion for Judgment of Acquittal. (Doc. No. 58). The Government opposes the motion. (Doc. No. 59). As explained below, the motion is **DENIED**.

## I. Background

Defendant was charged in a two-count indictment. (Doc. No. 1). In Count One, she was charged with violating 18 U.S.C. § 1030(a)(5)(A) and (c)(4)(B)(i), which punishes one who intentionally causes damage to a protected computer by knowingly causing the transmission of a program, information, code, or command to the computer and the aggregate value of the loss is at least $5,000. In Count Two, she was charged with violating 18 U.S.C. § 1030(a)(7)(C), which prohibits people from committing extortion by transmitting a communication containing a demand for a thing of value and relating to damage to a protected computer, where such damage was caused to facilitate the extortion.

Defendant went to trial on both counts. At trial, the jury heard the following evidence: Suncoast Community Health Centers ("Suncoast") is a multi-center health care company operating within Hillsborough County, Florida. Suncoast hired Defendant in December of 2006 to maintain its computers. On March 13, 2009, Suncoast fired Defendant.

After she was fired, Defendant accessed Suncoast's computers and changed the employees' computer passwords, as well as the password to the firewall.  As a result of Defendant's acts, on March 17, 2009, Suncoast's IT department could not access their "administrator" accounts, which prevented them from assisting employees trying to log on to their computers.  Additionally, since Defendant had changed the password to the firewall, the IT department was not able to control the traffic coming into their computer system.

As a result of Defendant's conduct, Suncoast called HCN (a company that Suncoast paid to provide additional IT support) to help fix the situation.  HCN was able to fix the employees' changed passwords.

Since Defendant had also changed the password to the firewall, Suncoast had two options: (1) either re-boot the current device, or (2) buy a new firewall.  Under either option, Suncoast would have to reconfigure the access routes to the firewall.  In April of 2009, Suncoast installed a new firewall system.

Suncoast's CEO, Mr. Roszel, testified that Suncoast sustained a loss of more than $27,000 due to Defendant's conduct.  Of the $27,000, there was evidence that more than $11,000 of the loss was due to the following:

- $3,941.27    amount paid to HCN for responding to and correcting the damage to the computers
- $2,501.20    amount attributed to Roszel's time spent responding to and correcting the damage to the computers; he is a salaried employee
- $2404    amount attributed to Brown's time spent responding to and correcting the damage to the computers; he is a Suncoast employee
- $1,590.68    amount attributed to Windham's time spent responding to and correcting the damage to the computers; he is a Suncoast salaried employee
- $730.72    amount attributed to Rodriguez's time spent responding to and correcting the damage to the computers; he is Suncoast's CFO and is paid a salary

_____

**$11,167.87**   TOTAL

After hearing the evidence in the case, the jury found Defendant guilty of Count One and not guilty of Count Two. (Doc. No. 52). Thereafter, Defendant timely filed the instant motion for judgment of acquittal as to Count One.

## II. Motion for Judgment of Acquittal

Defendant moves for a judgment of acquittal on Count One pursuant to Federal Rule of Criminal Procedure 29(c). Rule 29 provides that on a defendant's motion, the court must enter a judgment of acquittal for any offense for which the evidence is insufficient to sustain a conviction. As explained by one court:

> In considering a motion for the entry of judgment of acquittal under Federal Rule of Criminal Procedure 29(c), a district court should apply the same standard used in reviewing the sufficiency of the evidence to sustain a conviction. The district court must view the evidence in the light most favorable to the government. The court must resolve any conflicts in the evidence in favor of the government and must accept all reasonable inferences that tend to support the government's case. The court must ascertain whether a reasonable jury could have found the defendant guilty beyond a reasonable doubt.

U.S. v. Ward, 197 F.3d 1076, 1079 (11th Cir. 1999)(internal citations omitted).

Defendant argues that she is entitled to a judgment of acquittal for two main reasons: (1) there was insufficient evidence for the jury to find that she accessed a protected computer; and (2) there was insufficient evidence for the jury to find that the aggregate value of Suncoast's loss was at least $5,000. As explained below, the Court rejects both arguments.

### A. Protected Computer

Defendant first argues that there was insufficient evidence for the jury to find that she accessed a protected computer. The jury was instructed that a protected computer is one that is used in interstate or foreign commerce or communication.[1] See Eleventh Circuit Pattern Jury

---

[1] The jury was also instructed that interstate commerce means any transaction or event that involves travel, trade, transportation or communication between a place in one state and a place in another state. See Eleventh Circuit Pattern Jury Instructions, Criminal, Offense Instruction 42.3 (2010). Additionally, the jury was instructed that foreign commerce means any transaction or event that involves travel, trade, transportation or communication between a place in the United States and a place outside the United States. Id. The jury instructions can be found at Doc. No. 51.

Instructions, Criminal, Offense Instruction 42.3 (2010); see also 18 U.S.C. § 1030(e)(2)(B). There was evidence during the trial that Suncoast's computer system was connected to the internet and that Suncoast used its computers to send emails as part of its business. Such evidence is sufficient to show that Suncoast's computers were used in interstate commerce, and as such, they were protected computers. See Multiven, Inc. v. Cisco Systems, Inc., 2010 WL 2889262, at *3 (N.D. Cal. July 20, 2010)(finding that a computer connected to the internet was a protected computer); National City Bank, N.A. v. Prime Lending, Inc., 2010 WL 2854247, at *4 n.2 (E.D. Wash. July 19, 2010)(stating that "any computer connected to the internet is a protected computer"); Expert Janitorial, LLC v. Williams, 2010 WL 908740, at *8 (E.D. Tenn. Mar. 12, 2010); Dedalus Foundation v. Banach, 2009 WL 3398595, at *2 (S.D.N.Y. Oct. 16, 2009)(noting that courts have "found that computers that access the Internet through programs such as email qualify as protected computers"); Continental Group, Inc. v. KW Property Management, LLC, 622 F. Supp.2d 1357, 1370 (S.D. Fla. 2009)(noting that a connection to the internet affects interstate commerce or communication); U.S. v. Walters, 182 Fed. Appx. 944, 945 (11th Cir. 2006)(stating that the internet is an instrumentality of interstate commerce).

      Defendant argues, however, that because the jury asked the Court to define interstate or foreign commerce, as used in Count Two, the jury must have been unaware that Count One required an interstate or foreign commerce connection. Further, argues Defendant, since the jury found Defendant not guilty as to Count Two, it must have been because they believed that the interstate or foreign commerce connection was missing. Thus, argues Defendant, if the jury had been aware that Count One also required an interstate or foreign commerce connection, they would have found Defendant not guilty as to Count One also. This argument has no merit, as it is impossible to know what the jury was thinking, and they were properly instructed in the jury instructions that both Counts One and Two required an interstate or foreign commerce connection.

### B. Aggregate Value of the Loss

Next, Defendant argues that there was insufficient evidence for the jury to find that the aggregate value of Suncoast's loss was at least $5,000. There was evidence during the trial that $3,941.27 was paid to HCN to respond to and correct the damage to the computers. Furthermore, there was evidence that Suncoast's employees spent significant time responding to and fixing the damage to the computers and reconfiguring the new firewall and that such time amounted to $7,226.60 of their salaries and wages. While Defendant argues that time spent by salaried employees cannot be considered a loss under the statute, the Court disagrees. See NCMIC Finance Corp. v. Artino, 638 F. Supp.2d 1042, 1065 (S.D. Iowa 2009)(finding that the company's chief information officer's time spent investigating the matter was appropriately considered a loss under the statute); U.S. v. Larsen, 190 Fed. Appx. 552, 553 (9th Cir. 2006)(stating that losses "include[] the time that the victim's salaried employees spend responding to the unauthorized intrusion"); U.S. v. Millot, 433 F.3d 1057, 1061 (8th Cir. 2006)(recognizing that hours spent by employees responding to an intrusion constitute losses under the statute, because their time could have been spent on other duties); U.S. v. Middleton, 231 F.3d 1207, 1214 (9th Cir. 2000)(finding that a salaried employee's time spent responding to an intrusion is a loss under the statute, because "[t]here is no basis to believe that Congress intended the element of 'damage' to depend on a victim's choice whether to use hourly employees, outside contractors, or salaried employees to repair the . . . harm to a protected computer"). Accordingly, the Court finds that the evidence in the instant case was sufficient to show that the aggregate value of Suncoast's loss exceeded $11,000, which is an amount greater than the $5,000 required by the statute.

### III. Conclusion

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant Fowler's Motion for Judgment of Acquittal (Doc. No. 58) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 25th day of October, 2010.

Copies to:
Counsel of Record

Susan C. Bucklew
SUSAN C. BUCKLEW
United States District Judge

5