UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


PATRICIA FOWLER

v.  Case No.:  8:12-cv-1080-T-24 AEP
 8:10-cr-65-T-24 AEP

UNITED STATES OF AMERICA

_____/

### ORDER

This cause comes before the Court on Petitioner's amended motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255.  (CV Doc. No.4; CR Doc. No. 110).   The Government filed a response in opposition (CV Doc. No.11), and Petitioner filed a reply brief (CV Doc. No. 20).  Because review of the motion and the file in the case conclusively show that Petitioner is not entitled to relief, the Court will not cause notice thereof to be served upon the United States Attorney but shall proceed to address the matter.  28 U.S.C. § 2255(b).

**I.  Background**

Petitioner was charged in a two-count indictment. (Doc. No. 1).  In Count One, she was charged with violating 18 U.S.C. § 1030(a)(5)(A) and (c)(4)(B)(i), which punishes one who intentionally causes damage to a protected computer by knowingly causing the transmission of a program, information, code, or command to the computer and the aggregate value of the loss is at least $5,000.  In Count Two, she was charged with violating 18 U.S.C. § 1030(a)(7)(C), which punishes someone who intends to commit extortion by transmitting a communication containing a demand for money or a thing of value, and the communication relates to damage to a protected computer, and such damage to the protected computer is caused to facilitate the extortion.

Petitioner went to trial on both counts.  At trial, the jury heard the following evidence: Suncoast Community Health Centers ("Suncoast") hired Petitioner in December of 2006

to maintain its computers. On March 13, 2009, Suncoast fired Petitioner for unauthorized equipment purchases and insubordination. After she was fired, Petitioner accessed Suncoast's computers and changed some of the employees' computer passwords, as well as the password to the firewall. Suncoast's CEO, Mr. Roszel, testified that Suncoast sustained a loss of more than $5,000 as a result.

After hearing the evidence in the case, the jury found Petitioner guilty of Count One and not guilty of Count Two. (CR Doc. No. 52). On December 7, 2010, Petitioner was sentenced to 18 months of imprisonment on Count One, plus 36 months of supervised release. (CR Doc. No. 63, 64).[1] Petitioner appealed, and the Eleventh Circuit affirmed on October 28, 2011. (CR Doc. No. 103). In its opinion, the Eleventh Circuit stated that "[s]ubstantial evidence supports the finding of the jury that Fowler [committed the offense, as] . . . Fowler admitted to a federal agent that, after she was fired . . . , she changed the password for the firewall." (CR Doc. No. 103). Thereafter, on May 9, 2012, she timely filed her initial § 2255 motion.

**II. Motion to Vacate Sentence**

Petitioner sets forth three grounds for relief in her amended § 2255 motion. Specifically, she argues that her trial counsel was ineffective, because: (1) trial counsel did not properly investigate the case; (2) trial counsel did not put on a defense; and (3) trial counsel did not procure certain evidence. As explained below, these arguments have no merit, and as such, Petitioner's amended § 2255 motion is denied.

**A. Ineffective Assistance of Counsel**

In <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984), the Supreme Court created a two-part test for determining whether a defendant received ineffective assistance of counsel. First, a

---

[1] Petitioner was scheduled to self-report to the Bureau of Prisons on February 1, 2011. However, prior to reporting, a criminal complaint was filed against her, alleging that she had committed wire fraud days earlier (on January 17, 2011) by filing a fraudulent insurance claim. (8:11-MJ-1045 AEP at Doc. No. 1). A warrant was issued for Petitioner's arrest, and after a hearing, she was detained. (CR Doc. No. 71-75, 98).

defendant must demonstrate that his attorney's performance was deficient, which requires a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." Id. Second, a defendant must demonstrate that the defective performance prejudiced the defense to such a degree that the results of the trial cannot be trusted. See id.

In order to succeed on an ineffective assistance of counsel claim, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." Id. at 688. Under the first prong of the test, the reasonableness of an attorney's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances. See id. at 690. The movant carries a heavy burden, as reviewing courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. at 689.

Simply showing that counsel erred is not sufficient under this test. See id. at 691. Instead, the defects in counsel's performance must be prejudicial to the defense. See id. at 692. Therefore, under the second prong, a movant must establish that there was a reasonable probability that the results would have been different but for counsel's deficient performance. See id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

### B. Ground One: Investigation of the Case

In her first ground for relief in her amended § 2255 motion, Petitioner argues that trial counsel did not properly investigate the case. Specifically, Petitioner contends that trial counsel did not: (1) appoint an expert to assist her in understanding computer systems, (2) examine the server and workstation images, (3) interview witnesses, and (4) investigate the real and purported reasons for Petitioner's termination. This argument has no merit.

To begin with, the real and purported reasons for Petitioner's termination are irrelevant to the issue of whether Petitioner caused damage to a protected computer after she was terminated. Furthermore, there is no indication that trial counsel's understanding of computer systems was in any way deficient and in any way prejudiced the defense in this case.

Additionally, assuming that trial counsel failed to examine the server and workstation images, it is unclear what, if anything, would have been revealed if such an examination would have occurred. Given the overwhelming evidence against Petitioner, there is no basis for concluding that trial counsel's alleged failure to examine the server and workstation images was prejudicial to the defense.

Finally, Petitioner contends that trial counsel was ineffective for failing to interview three witnesses: Debbie Forte, Bonnie Orr, and Marcela Gonzales. However, the testimony that Petitioner contends would have been elicited—basically that Petitioner was an exemplary employee—is irrelevant to the issue of whether Petitioner caused damage to a protected computer after her termination.

Thus, Petitioner has not shown that trial counsel's performance was deficient or that trial counsel's performance prejudiced the defense. Accordingly, this Court finds that Petitioner has not met her burden of showing ineffective assistance of counsel under this ground.

### C. Ground Two: Putting on a Defense

In her second ground for relief in her amended § 2255 motion, Petitioner argues that trial counsel did not put on a defense, other than cross-examining the Government's witnesses.[2] It appears Petitioner regrets not testifying on her own behalf, and she blames this decision on her trial counsel's advice. However, at trial, the Court specifically explained to Petitioner that she had a right to testify and asked Petitioner whether it was her decision not to testify. (Doc. No. 89, p. 105-07). The Court specifically stated to Petitioner that "I don't want you to come back at

---

[2] The Court notes that trial counsel successfully defended Count Two, as Petitioner was found not guilty on that count.

a later time and say, well, I really wanted to but [trial counsel] told me it wasn't a good idea for me to do it. This is your decision." (Doc. No. 89, p. 107). Petitioner responded that she was sure that she did not want to testify. (Doc. No. 89, p. 107). Given this exchange, the Court concludes that it was Petitioner's own decision not to testify and that trial counsel cannot be faulted for Petitioner's decision.

Other than testifying herself and identifying three witnesses that would have testified that she was an exemplary employee, Petitioner does not identify the type of defense that trial counsel failed to present, other than an expert witness. However, Petitioner does not explain how an expert witness would have helped her defense, especially given the fact that there was evidence that she had admitted to a federal agent that she had changed the password for the firewall after she was terminated.

Thus, Petitioner has not shown that trial counsel's performance was deficient or that trial counsel's performance prejudiced the defense. Accordingly, this Court finds that Petitioner has not met her burden of showing ineffective assistance of counsel under this ground.

### D.  Ground Three: Procuring Evidence

In her third ground for relief in her amended § 2255 motion, Petitioner argues that trial counsel did not procure certain evidence. Specifically, Petitioner contends that trial counsel failed to procure the following evidence: (1) records of her unemployment benefits, (2) purchase orders and receipts for equipment she allegedly purchased without authorization, and (3) workstation and server images that the FBI obtained. However, this argument has no merit.

To begin with, trial counsel's failure to procure the purchase orders and receipts for equipment Petitioner allegedly purchased without authorization could not be prejudicial to the defense, because such evidence relates to the reason Petitioner was terminated. Suncoast contends that Petitioner was terminated because she purchased equipment without authorization and such evidence relates to the issue of whether she did, in fact, purchase equipment without

5

authorization. However, the reason for Petitioner's termination is irrelevant to the issue of whether she caused damage to a protected computer after she was terminated.

Likewise, the records of Petitioner's unemployment benefits also relate to the issue of whether she was terminated for cause. However, as previously stated, the reason for Petitioner's termination is irrelevant to the issue of whether she caused damage to a protected computer after she was terminated.

Finally, assuming that trial counsel failed to examine the server and workstation images, it is unclear what, if anything, would have been revealed if such an examination would have occurred. Given the overwhelming evidence against Petitioner, there is no basis for concluding that trial counsel's alleged failure to examine the server and workstation images was prejudicial to the defense.

Thus, Petitioner has not shown that trial counsel's performance was deficient or that trial counsel's performance prejudiced the defense. Accordingly, this Court finds that Petitioner has not met her burden of showing ineffective assistance of counsel under this ground.

**III. Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that Petitioner's amended § 2255 motion is **DENIED**. The Clerk is directed to enter judgment against Petitioner in the civil case and then close that case.

**CERTIFICATE OF APPEALABILITY AND**

**LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHERED ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). Id. "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district

court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE AND ORDERED** at Tampa, Florida, this 22nd day of July, 2013.

/s/ Susan C. Bucklew
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record